IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FRANCIS R. WALKER,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )          1:17-CV-732
                                  )          **(REDACTED)**
REX TILLERSON, U.S.               )
SECRETARY OF STATE and            )
DIRECTOR PASSPORT SERVICES,       )
DEPT. OF STATE,                   )
                                  )
            Defendants.           )

## MEMORANDUM OPINION AND ORDER

Catherine E. Eagles, District Judge.

When the State Department refused to renew his passport, the plaintiff, Francis

Russell Walker, filed suit asking that defendants Rex Tillerson, the United States

Secretary of State, and Karen Pizza, the Director of Passport Services, be compelled to

issue a passport to him.  Mr. Walker also asks the Court to declare unconstitutional "any

law which prohibits the issuance or invalidation of a US Passport absent criminal nexus"

as violating his individual right to international travel.  The Secretary acted within his

authority to deny Mr. Walker a passport and none of the identified statutes are

unconstitutional as applied.  Summary judgment for the defendants is appropriate.

### FACTUAL AND PROCEDURAL BACKGROUND

In May 2017, Mr. Walker submitted an application to renew his passport.  Doc. 39

at 4-5; Doc. 16-2.  He listed his most recent passport book number as ███████ and his

Social Security Number as 000 00 0000.  Doc. 39 at 4.

On June 10, 2017, he received a letter from the National Passport Center asking him to certify that he had never been issued a social security number. Doc. 10 at ¶ 9.[1] He signed the statement and returned it. Doc. 10 at ¶ 10; Doc. 39 at 7.

Mr. Walker filed this lawsuit in August 2017. Doc. 2. He asked for an "Order in Mandamus," requiring the U.S. Passport Agency to issue a passport and sought other declaratory relief. Doc. 2 at ¶ 16-17.

In September 2017, the Department again asked Mr. Walker to certify that he had never been issued a social security number. Doc. 39 at 13-14. In response, Mr. Walker submitted a second affidavit asserting that he had never been issued a social security number. Doc. 39 at 13-14. By letter dated September 25, 2017, the State Department denied Mr. Walker's passport renewal application because he failed to provide his correct social security number. Doc. 10 at 10 (letter from Karen Pizza, Director, National Passport Center to Mr. Walker).

Mr. Walker then filed an amended complaint in October 2017. Doc. 10. In his amended complaint, he seeks injunctive and declaratory relief, specifically an order compelling the defendants to issue him a passport and declaring unconstitutional all laws prohibiting issuance of a passport "absent criminal nexus." Doc. 10 at ¶¶ 29-30.

The government filed a motion to dismiss, or in the alternative a motion for summary judgment, pointing to evidence indicating that Mr. Walker does have a social

---

[1] Mr. Walker signed the amended complaint under penalty of perjury, Doc. 10 at ¶ 31, so the Court will treat its factual allegations as an affidavit, to the extent the matters asserted are within Mr. Walker's personal knowledge.

security number.  Doc. 15.  After briefing was complete, the Court gave notice of its

intent to convert the motion to a summary judgment motion and gave the parties an

opportunity to provide additional evidence and for the government to submit a

declaration or other evidence authenticating Exhibit C to its brief.  Doc. 27.  The

defendants thereafter filed additional evidence, all of which tended to show that Mr.

Walker had a social security number.  Docs. 36, 37, 38, 39.  Mr. Walker responded.  Doc.

40.  Mr. Walker has also filed a motion for sanctions,[2] Doc. 29, and a motion for

judgment on the pleadings.  Doc. 24.

The pending motions are now ripe for decision.

## DISCUSSION AND ANALYSIS

The Court construes Mr. Walker's complaint as asserting the following claims.

First, he seeks an order compelling the defendants to issue him a passport pursuant to 8

U.S.C. § 1503, 28 U.S.C. § 1361, and 28 U.S.C. § 2201.  Doc. 10 at ¶¶ 29-30.[3]  Second,

he seeks judicial review of the State Department's agency action denying him a passport,

pursuant to the Administrative Procedure Act.  *See* Doc. 10 at ¶¶ 7-23 (implying that his

application was denied in an arbitrary fashion).  Third, he asks for a declaratory judgment

---

[2] His first motion for sanctions, Doc. 22, was denied by text order entered December 22, 2017.

[3] Mr. Walker also cites 28 U.S.C. 1346(a)(2), apparently to establish subject matter jurisdiction.  However, the Tucker Act, 28 U.S.C. § 1346(a)(2), is only applicable to actions seeking money damages.  *Richardson v. Morris*, 409 U.S. 464 (1973).  As Mr. Walker makes no claim for money damages, he cannot establish jurisdiction under the Tucker Act.  This Court has jurisdiction under 28 U.S.C. § 1331, since Mr. Walker's complaint, on its face, raises several federal questions.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

that any laws prohibiting the issuance of a passport "absent criminal nexus," be declared unconstitutional as "a violation of the privileges clause, Ninth Amendment, a Bill of Attainder in violation of Article 1 Section 9 of the United States Constitution and a violation of the International Covenant on Civil and Political Rights." Doc. 10 at ¶ 30. While not completely clear, the Court also construes his complaint as raising a substantive due process claim.

## I. Does Mr. Walker have a SSN?

As a factual matter, all of Mr. Walker's claims rest on his factual assertion that he has no social security number. He has affirmed several times that he has never been issued a SSN by the Social Security Administration. Doc. 39 at 7 (affidavit certifying that he has never been issued a SSN); Doc. 39 at 13 (same). He has made similar statements throughout the pleadings:

- Doc. 10 at ¶ 18 (Mr. Walker's amended complaint) ("Francis R. Walker was never issued a SSN and Walker has stated that fact at least three times under penalty of perjury.")
- Doc. 39 at 16-17 (letter from Mr. Walker to Ms. Pizza) ("I have never been issued a Social Security number and you know it," and "Francis R. Walker has never been issued a Social Security number and I defy you to prove otherwise.")
- Doc. 30 at 3 (Mr. Walker's motion for Rule 11 sanctions) ("Francis R. Walker has NEVER applied for a Social Security number so I know that not only does it not exist but that it never has existed.").

The record in this case, however, contains direct evidence to the contrary. In his request and affidavit to proceed *in forma pauperis*, Mr. Walker states under oath that his only income comes from Social Security payments. Doc. 1 at 2 ("I … have been receiving Social Security since I was 62. I currently receive approximately ▮▮▮▮▮▮

██████").  Under federal law, it is not possible to receive Social Security benefits without possessing or obtaining a social security number. *See* 20 C.F.R. § 404.469 ("No monthly benefits will be paid to an entitled individual unless he or she either furnishes to the Social Security Administration (SSA) satisfactory proof of his or her Social Security number, or, if the individual has not been assigned a number, he or she makes a proper application for a number.").

In addition, the defendants have presented a plethora of evidence that Mr. Walker has a SSN.[4]  The defendants produced evidence that Mr. Walker used his 2006 passport – the very passport Mr. Walker wants to renew -- and a social security card to obtain a Tennessee driver license in 2009.  Doc. 19 at 1.

The application, submitted under the name Russell Francis Walker, included five documents as a means of identification:

- a Social Security card (with the SSN of ██████████) bearing the name Russell F. Walker, Doc. 19 at 5;
- a U.S. passport issued to Francis Russell Walker, passport number. ████████, Doc. 19 at 5;
- a N.C. driver license issued to Russell Francis Walker, Doc. 19 at 5;
- a Tennessee vehicle title indicating that Russell Walker holds title to a 2004 Ford pickup, Doc. 19 at 7, and
- mail from the Tennessee Commission of Elections to Russell F. Walker.  Doc 19 at 6.

The passport number (number ██████████) provided as a means of identification for the 2009 Tennessee license matches the "most recent passport book number" (also number

---

[4] The Tennessee Department of Records & Homeland Security provided these records in response to the Department of State's request for records concerning Francis Russell Walker (TN driver license number 116409704).  Doc. 37 at 1 (referencing Doc. 19).

███████) that Mr. Walker provided on the 2017 passport renewal application at issue in this case.  *Compare* Doc. 19 at 5 with Doc. 39 at 4, block 10.  Likewise, the address on the N.C. driver license (176 Quewhiffle Road, Aberdeen, N.C.), Doc. 19 at 5, matches the address on all of Mr. Walker's pleadings and filings.  *E.g.*, Doc. 10 at 9 (listing his address as 176 Quewhiffle Road, Aberdeen, N.C.); Doc. 30-5 (voter registration card listing same address).[5]  Tennessee issued the license to Francis Russell Walker, the name of the plaintiff here.  Doc. 19 at 27.

The defendants have also produced Tennessee driver's license renewal applications from 2013 and 2017 in which Francis Russell Walker provided the same SSN of ███████.[6]  Doc. 19 at 8, 12.[7]  The driver license number is the same for each of these three licenses: ███████.  Doc. 19 at 21, 23, 25, 27.  The date of birth listed on the applications, April 12, 1943, matches the date of birth that Mr. Walker provided to the Court in his amended complaint, *compare* Doc. 19 at 8, 12, *with* Doc. 10 at ¶ 1, *and with* the birth certificate he provided.  Doc. 30-1.

---

[5] Other identifying details also match.  For example, as an identifying document, Mr. Walker provided the Tennessee authorities with a Tennessee vehicle title indicating that Russell Walker holds title to a 2004 Ford truck.  Doc. 19 at 7.  In his petition in this case to proceed in forma pauperis, Mr. Walker says that he owns a 2004 Ford F-150 truck.  Doc. 1 at 2.

[6] Tennessee requires that all driver license applicants provide their social security number.  Tenn. Code Ann. § 55-05-321(c)(1)(A).  Evidently Tennessee had no issues with the validity of Mr. Walker's SSN; he was issued a license after both applications.  *See* Doc. 19 at 25, 27 (Mr. Walker's 2013 and 2017 Tennessee driver licenses).

[7] Mr. Walker's 2009 license also bears the conspicuous annotation: "SSN ON FILE."  Doc. 19 at 27.

The defendants have also produced a 1974 passport-by-mail application submitted by a Russell Francis Walker. Doc. 38 at 4. The date and place of birth listed on the passport application match the date and place of birth listed on Mr. Walker's most recent passport application. Doc. 38 at 4 (listing DOB as 4/12/1943 and POB as New York); Doc. 39 at 4-5 (same). Additionally, the SSN on the 1974 application (███████████), Doc. 38 at 4, matches the SSN that Mr. Walker provided on the 2009, 2013, and 2017 applications to obtain and renew his Tennessee driver license, Doc. 19 at 1, 5, 8, 12. Doc. 19 at 5.

In response to the defendants' evidence, Mr. Walker seems to imply that Russell Francis Walker is not him, or at least that it is not his name. Doc. 40 at 2 ("The [1974 passport application] uses the name Russell F. Walker. I have submitted several pieces of evidence showing my name is Francis R. Walker."). Doc. 40 at 2. In support of this, he has offered into evidence: (1) a document he says is his New York City birth certificate listing his name as Francis Russell Walker with an April 12, 1943, birthdate, Doc. 30-1; (2) a baptism certificate showing his name as Francis Russell Walker, Doc. 30-2; (3) a Transportation Worker Identification Card also showing his name as Francis R. Walker, Doc. 30-4; and (4) a North Carolina voter registration card issued to Francis Russell Walker on January 27, 2016. Doc. 30-5. However, he never directly denies that he is the person who sought and obtained the Tennessee driver license or that he is the person who sought a passport in 1974.

No reasonable person would believe that Mr. Walker has no SSN. As is clear from the evidence, the plaintiff here sought a driver license from Tennessee and with that

application he gave Tennessee authorities a social security number and the number of the passport he seeks here to renew, and he provided a social security number in 1974 when seeking a passport. He also has sworn under oath that he receives social security benefits, Doc. 1 at 2, which requires that he have a social security number.

"The very object of summary judgment is to separate real and genuine issues from those that are formal or pretended, so that only the former may subject the moving party to the burden of trial." *Radobenko v. Automated Equip. Corp.*, 520 F.2d 540, 544 (9th Cir. 1975). As a general matter, at summary judgment, a party can create an issue of fact by submitted an affidavit based on personal knowledge. Fed. R. Civ. P. 56(c)(4). Mr. Walker's evidence is insufficient to create a genuine issue of material fact for several reasons.

First, Mr. Walker has failed to address the government's evidence showing that he possesses a SSN. It is black letter law that when a party, even a pro se party, "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," that the Court may consider the fact undisputed for the purposes of the motion. Fed. R. Civ. P. 56(e). Mr. Walker's proffer of evidence, while showing that his name is Francis Russell Walker, has not properly addressed the defendants' evidence that he has a SSN. Specifically, he has not denied that he is the person who obtained the Tennessee driver's license, and he has not addressed, much less explained, why the very passport that he seeks to renew was provided, along with a SSN, to the State of Tennessee as proof of his identity. Nor has he explained how he is drawing social security income without a SSN. *See* 20 C.F.R. § 404.469.

Second, it is well-established under the sham affidavit doctrine that "a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). While Mr. Walker's affidavits do not contradict deposition testimony, his averments that he has never been issued a SSN are contradicted by his previous statements under oath. *See Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) (noting that the utility of summary judgment would be greatly diminished if a court could not screen out sham issues of fact). Mr. Walker cannot claim that he has a SSN when it benefits him, *e.g.*, Doc. 1 (admitting he draws Social Security benefits); Doc. 19 at 1 (listing his SSN to obtain Tenn. driver license), while simultaneously denying that he has a SSN when it suits his purposes. Doc. 39 at 4 (refusing to list SSN on passport application and triggering this litigation). Mr. Walker has offered no real explanation for the disparities. Therefore, the Court is "convinced that the issues of fact created by [Mr. Walker] are not issues which this Court should reasonably characterize as genuine; rather, they are sham issues which should not subject the defendants to the burden of a trial." *Radobenko*, 520 F.2d at 544.

Third, in light of the evidence submitted by the defendants and the lack of a credible explanation by Mr. Walker, no reasonable jury could find that Mr. Walker does not possess a SSN. *See Scott v. Harris*, 550 U.S. 372, 380–81 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so

that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").[8]

For each of these reasons, the Court concludes that Mr. Walker's affidavits and pleadings attesting to his lack of a SSN are not sufficient to create a genuine issue of fact. Moreover, for the reasons discussed *infra*, it does not appear that this fact is material to most if not all of his claims.

## II.    Title 8 U.S.C. § 1503.

Mr. Walker first relies on Title 8 U.S.C. § 1503 as a basis for his claim that the Secretary should be compelled to renew his passport. However, § 1503 allows a United States citizen to seek declaratory relief only when he is denied "any right or privilege as a national of the United States *upon grounds of citizenship*." *Garcia v. Freeman*, 542 F. App'x 354, 355 (5th Cir. 2013) (emphasis added). Thus, the State Department's decision to deny a passport application may be challenged under this provision only if the passport

---

[8] While not necessary to its decision, the Court observes that a person claiming to be Russell Francis Walker has filed other lawsuits in this district. He appears to be the same person as the Francis Russell Walker who filed this lawsuit. In one, the IFP application contains the same birthdate, the same amount of social security benefits, and the same assets and debts as Mr. Walker's application in this case. *See Walker v. N.C. State Bd. of Elections*, 1:17cv78, Doc. 1 at 1-2. In a 2014 lawsuit, the complaint and IFP application contain the same address and consistent information about age, and the same F-150 truck appears as an asset. *Walker v. J.P. Thomas & Co., Inc.*, 1:14cv738 at Doc. 1, ¶ 1, 4; Doc. 2 at ¶ 2. In two older cases, the address listed in the complaints and IFP applications are the same as the address the plaintiff in this case has provided, and the plaintiff is of the same age. *See Walker v. Soc. Sec. Admin.*, 1:09cv811, Docs. 1, 2; *Walker v. Trans-Union, LLC*, 1:09cv712, Docs. 1, 2. In yet another lawsuit, the plaintiff lives at the same address and claims the same birth date as the plaintiff here. *See Walker v. Trans-Union LLC*, 1:11cv1110, Doc. 2 at ¶¶ 2, 6; s*ee also Walker v. Windstream Commc'ns*, 1:07cv99 (lawsuit filed by person naming himself as Russell F. Walker living at same address as the plaintiff in this case). There are many other things about the papers filed in all these lawsuits which tend to indicate they are all filed by the same person as this plaintiff.

is denied "[because the applicant] is not a national of the United States." *Chew Wing Luk v. Dulles*, 268 F.2d 824, 826 (9th Cir. 1959). "A suit under section 1503(a) is not one for judicial review of the agency's action. Rather, section 1503(a) authorizes a *de novo* judicial determination of the status of the plaintiff as a United States national." *Richards v. Sec'y of State*, 752 F.2d 1413, 1417 (9th Cir. 1985); *see also Abimbola v. Clinton,* No. ELH-11-3677, 2012 WL 5420349 (D. Md. 2012) (same). Section 1503 is not a mechanism to bypass the regulations governing passport applications. *See Tin Mew Lee v. Dulles,* 155 F. Supp. 708, 710 (D. Haw. 1957) (granting motion to dismiss where plaintiff was "attempting to sidestep the regulations which are binding upon all citizens applying for passports.").

Mr. Walker contends that he is entitled to issuance of a passport under 8 U.S.C. § 1503 because the Department's denial of his passport application infringed upon his rights as a citizen of the United States. However, the record is undisputed that Mr. Walker's application was denied solely because of his failure to provide his social security number, not because he was not a citizen. Doc. 39 at 15 (stating that Mr. Walker's application was denied because he did not provide his social security number). As such, Mr. Walker cannot succeed under § 1503 because he has not been denied a right (i.e., a passport) on the basis that he is not a United States citizen.

Mr. Walker also requests that the Court issue a writ of mandamus under 28 U.S.C. § 1361, ordering the Department to issue him a passport. Mandamus is a "drastic [remedy], to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). The Fourth Circuit has indicated that the

mandamus statute can only be invoked "where three elements co-exist: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988).

Mr. Walker meets not one of these elements. As to the first two elements, he has neither a clear right to an order compelling the Department to issue him a passport nor has he shown that the Department has a clear duty to issue him a passport. In fact, Congress has explicitly given the Department the authority to deny Mr. Walker's application because he failed to provide his social security number. *See* 22 U.S.C. § 2714a(f) (authorizing the Secretary to deny passport applications not including an individual's SSN or including an incorrect or invalid SSN). Additionally, Mr. Walker has "an avenue far short of mandamus to achieve precisely the relief [he] seek[s]," *Kerr*, 426 U.S. at 405, as he can obtain full relief by filing another passport application with his correct social security number.

Mr. Walker has failed to raise a genuine issue of material fact as to his mandamus claim. Therefore, summary judgment is appropriate.

## III. The Department's denial of Mr. Walker's application was not arbitrary.

The Court construes the complaint to seek relief from a "final agency action for which there is no other adequate remedy in a court" under the Administrative Procedure Act. 5 U.S.C § 704. Under the APA, the Court looks to whether the Secretary's rejection of Mr. Walker's application was "within the bounds of reasoned decision-making." *Baltimore Gas & Elec. Co. v. Nat. Res. Def. Council, Inc.*, 462 U.S. 87, 104 (1983).

Courts review an agency's informal decision-making under the "arbitrary and capricious" standard of review. 5 U.S.C. § 706(2)(A); *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 416 (1971) (*overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977). Because claims brought under the APA are adjudicated without a trial or discovery, such claims are properly decided on summary judgment. 10B Wright and Miller, *Federal Practice and Procedure* § 2733 (3d ed. 2007).

The Secretary of State is authorized by statute to refuse to issue a passport to an applicant who (1) fails to provide his Social Security number on the application or (2) includes an incorrect or invalid Social Security number. 22 U.S.C. § 2714a(f)(1)(A)(i) and (ii). Here, the Department denied Walker's passport application because he failed to comply with the application requirement that he list his social security number. *See* Doc. 10 at 10 (noting that Mr. Walker's application was denied because he did not provide his SSN); Doc. 39 at 4. That is a reasonable requirement related to establishing identity, and the statute and applicable regulations explicitly authorize denial in this situation. 22 U.S.C. § 2714a(f); 22 C.F.R. § 51.60(f).

The Secretary has presented compelling evidence that Mr. Walker has a social security number and that he failed to provide that social security number on his passport application. Doc. 19 at 1, 8, 12 (Tenn. DL applications showing Mr. Walker's SSN); Doc. 39 at 4 (showing that Mr. Walker failed to provide his SSN); Doc. 39 at 7 (Mr. Walker's affidavit stating he has no SSN); Doc. 39 at 13 (same). Mr. Walker has pointed to no evidence that the agency relied on improper factors or that its decisions ran counter to the evidence before the agency. There is no evidence that the Secretary acted

arbitrarily or that he interpreted § 2714a(f) in an unreasonable fashion when he denied Mr. Walker's passport application.

Mr. Walker says the defendants should be compelled to produce his application for a social security number and denies under oath that he has a social security number. However, the burden is on Mr. Walker to show that he is entitled to a passport. *See* 22 C.F.R. § 51.23 (applicant bears the burden of proof to establish identity); 22 C.F.R. § 51.40 (same for citizenship status). Mr. Walker has several times stated under oath—in connection with previous passport applications and applications for a Tennessee driver license—that he does have a social security number, and his current averments to the contrary do not make the Secretary's decision arbitrary. Even if he does not, in fact, have a social security number, the record raises enough questions about his identity to make the Secretary's decision reasonable. This claim is without merit.

## IV.     Declaratory Judgment

Mr. Walker seeks a declaratory judgment "that any law which prohibits the issuance or invalidation of a U.S. Passport absent criminal nexus" be declared unconstitutional. Doc. 10 at ¶ 30. He does not identify any specific statute in the amended complaint, but from the briefing it appears that he is challenging 22 U.S.C. § 2714 and § 2714a(f). Doc. 21 at 1-2, Doc. 10 at 10. While not completely clear, he also appears to contend that the requirement of a passport in the first place violates his right to freely enter and exit the United States, which he characterizes as a guarantee under the privileges and immunities clause. Doc. 10 at ¶ 25. He also makes passing reference to

the Ninth Amendment, to Article I § 9 prohibiting bills of attainder, and to the International Covenant on Civil and Political Rights.

Section 2714 addresses the denial of passports to convicted drug traffickers. The defendants have not relied upon this statutory provision to deny Mr. Walker's passport application and this statute appears to have nothing to do with the dispute in this case.

As discussed *supra*, § 2714a(f)(1)(A) provides that the Secretary is authorized to deny a passport application that does not include the social security account number issued to that individual. Mr. Walker provides no legal authority to support his contention that this statute violates any provision of the United States Constitution. Similarly, he provides no support for his contention that the requirement for a passport and the requirement to provide a social security number in order to obtain a passport violate his constitutional rights. For the reasons that follow, all of these arguments are without merit, even if Mr. Walker has no social security number.

## A. Privileges and Immunities

The privileges and/or immunities clauses are directed towards state action, not federal action. *Toomer v. Witsell*, 334 U.S. 385, 396 (1948) (holding that the Article IV Privileges and Immunities clause "bar[s] discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States."); *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.,* 483 U.S. 522, 542 n. 21 (1987) (noting that the Fourteenth Amendment's Privileges or Immunities Clause "applies to actions by a State," not the federal government.) It has no applicability here.

15

## B. Ninth Amendment

The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." Mr. Walker provides no citation to any legal authority supporting his contention that the right to a passport is protected by this amendment.

Indeed, as best the Court can tell, the Ninth Amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim. *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986); *see Jardine v. Graham,* 471 F. App'x. 525, 528 (7th Cir. 2012) (noting a baseless claim under § 1983 and the Ninth Amendment is frivolous and does not warrant discussion); *Farabee v. Gardella,* No. 7:16-cv-00326, 2018 WL 406254, at *8 n. 9 (W.D. Va. Jan. 12, 2018*); see also Wohlford v. U.S. Dep't of Agric.*, 842 F.2d 1293, 1988 WL 24281, at *1 (4th Cir. 1988) (unpublished). This claim is without merit.

## C. Substantive Due Process

Arguably, Mr. Walker asserts a substantive due process claim based on what he characterizes as a fundamental right to international travel. While the Supreme Court has observed that while the constitutional right of interstate travel is "virtually unqualified," the Supreme Court has also held the right to international travel is subject to reasonable regulation. *See Califano v. Torres*, 435 U.S. 1, 4 n. 6 (1978); s*ee also Haig v. Agee*, 453 U.S. 280, 306 (1981) (noting that "the freedom to travel abroad . . . is subordinate to national security and foreign policy considerations" and "as such, it is subject to reasonable government regulation."). Courts have typically applied rational basis review

to restrictions on international travel. *E.g. Eunique v. Powell*, 302 F.3d 971, 972-74 (9th Cir. 2002); *Weinstein v. Albright*, 261 F.3d 127, 140 (2d Cir. 2001); *see also Mohamed v. Holder*, 266 F. Supp. 3d 868, 878-79 (E.D. Va. 2017) (noting the long history of judicially sanctioned restrictions on citizens' international travel).

Under rational basis review, Mr. Walker has not carried his burden to demonstrate that the Government's decision to require a social security number before issuing a passport is not "rationally related to a legitimate state interest." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). The requirement in § 2714a(f) that an applicant for a passport provide a social security number is rationally related to several legitimate purposes, including: verification of identity, debt collection, fraud prevention, border security, and counterterrorism. *See, e.g.,* Doc. 16 at 10; Doc. 16-1. Mr. Walker has made no attempt, nor has he produced any evidence, to rebut these legitimate government interests. Therefore, summary judgment is appropriate as to this claim.

### D. Bill of Attainder Claim/Article I § 9

Mr. Walker asserts that he "has been declared guilty by Act of Attainder of the Executive Branch without trial and is not allowed to leave the United States," in violation of Article 1 § 9 of the U.S. Constitution. Doc. 10 at ¶ 27. Bills of attainder are "legislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial." *United States v. Lovett*, 328 U.S. 303, 315 (1946); *see also United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997) ("A Bill of Attainder is a legislative determination of guilt which metes out punishment to named individuals."). It

is well-established that statutes with "open ended applicability" are not bills of attainder. *Hettinga v. United States*, 677 F.3d 471, 477 (D.C. Cir. 2012). Mr. Walker has made no showing that § 2714a(f) singles him out. Because Mr. Walker has not raised a genuine issue of material fact, summary judgment is appropriate as to this claim.

### E. International Covenant on Civil and Political Rights

Mr. Walker also contends that the Department's denial of his passport application infringes his right as a citizen, under Article 12 of the International Covenant on Civil and Political Rights, to freely enter and exit the country.[9] *See* Art. 12, International Covenant on Civil and Political Rights, 999 U.N.T.S. (adopted by the U.S. on Sept. 8, 1992) [hereinafter ICCPR]. Regardless of whether the ICCPR protects the rights that Mr. Walker claims it does, his claim fails because the ICCPR is not privately enforceable. To be privately enforceable, a treaty must either be self-executing or Congress must have passed implementing legislation. *Medellin v. Texas*, 552 U.S. 491, 505 (2008). The ICCPR is not self-executing nor has it ever been implemented by Congress. *See* Senate Resolution of Ratification of International Covenant on Civil and Political Rights, 102d Cong., 138 Cong. Rec. S4781-01, S4784 (April 2, 1992) (noting that "the United States declares that the provisions of Articles 1 through 27 of the [ICCPR] are not self-

---

[9] Mr. Walker's position is also contradicted by the plain language of the ICCPR. The ICCPR explicitly provides that all "movement rights" are subject to lawful restrictions, such as those restrictions "necessary to protect national security, public order, public health or morals or the rights and freedoms of others[.]" Article 12, ICCPR. Several of the purposes underlying § 2714a(f)—e.g., verification of identity and border security—fall squarely within the ICCPR's allowances for lawful restrictions.

executing"); *Dutton v. Warden*, *FCI Estill* 37 F. App'x 51, 53 (4th Cir. 2002) (noting that "the ICCPR is not privately enforceable"); *see also Igartua De La Rosa v. United States,* 32 F.3d 8, 10 n. 1 (1st Cir.1994) (same).  For this reason, Mr. Walker has no right to enforce the ICCPR and summary judgment is appropriate as to this claim.

## V.    Other matters

### A. Mr. Walker's motion for judgment on the pleadings

The Court treats Mr. Walker's motion for judgment on the pleadings as a motion for summary judgment because both parties presented matters outside the pleadings that were not excluded by the Court.  Fed. R. Civ. P. 12(d).  For the reasons explained above, Mr. Walker has not shown that he is entitled to judgment as a matter of law.  Mr. Walker's motion for judgment on the pleadings will be denied.

### B. Mr. Walker's motion for Rule 11 sanctions

Under Rule 11, a court may impose sanctions on a party or attorney who files a pleading or motion that, among other things, is presented for an improper purpose or that contains denials not warranted by the evidence, belief, or lack of information.  Fed. R. Civ. P.  11(b).  Mr. Walker's motion is not supported by any evidence other than his opinion.  Given that the defendants are correct on the law and that they have presented compelling evidence to support their factual contentions, it necessarily follows that no Rule 11 sanctions are appropriate.  Indeed, it is clear that Mr. Walker's motion is frivolous.  As such, Mr. Walker's motion for sanctions is denied.

Rule 11 applies to pro se parties as well as parties represented by counsel.  *See* Fed. R. Civ. P. advisory committee notes (explaining that Rule 11 applies "to anyone

who signs a pleading, motion, or other paper" and that "the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings."). Here, the circumstances of Mr. Walker's second motion for Rule 11 sanctions evince an improper purpose. Doc. 30. It seems that Mr. Walker filed the motion for the express purpose of harassing opposing counsel and increasing litigation costs by making unfounded claims of "false accusations" and "blatant lies." Doc. 30 at 2; *see also Neeley v. Namemedia, Inc.*, No. 08-5151, 2010 WL 11512374 (W.D. Ark. 2010) (finding that plaintiff's motion for a more definite statement that accused the opposing party of lying was presented for an improper purpose).

This is not the first time Mr. Walker has filed a Rule 11 motion for sanctions, Doc. 22, and the Court has previously advised Mr. Walker of the need to support such a motion with evidence. *See* Text Order 12/22/2017 (denying Mr. Walker's motion for sanctions because it was unsupported by evidence and facially inadequate). If Mr. Walker persists in filing motions or other pleadings that are presented "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 11(b)(1), he is the one who will be facing a sanctions motion, which the Court has the authority to initiate *sua sponte*. Fed. R. Civ. P. 11(c).

It also appears that this entire lawsuit is an effort to perpetuate a fraud on the Court. Should Mr. Walker continue filing frivolous lawsuits, lying to the Court, or otherwise attempting to use the courts for an improper purpose, other sanctions may also be available in the Court's inherent authority. Among other things, such sanctions may include a prefiling injunction.

## CONCLUSION

For the reasons above, the Court concludes that there is no genuine issue as to any material fact, and that the defendants are entitled to judgment as a matter of law as to each of Mr. Walker's claims. *See* Fed. R. Civ. P. 56(a).

It is **ORDERED** that:

1.  The defendants' motion for summary judgment, Doc. 15, is **GRANTED**.

2.  The plaintiff's motion for judgment on the pleadings, Doc. 24, is **DENIED.**

3.  The plaintiff's motion for Rule 11 sanctions, Doc. 29, is **DENIED.**

4.  The plaintiff is **WARNED** that future frivolous pleadings or motions, efforts to perpetuate a fraud on the Court, or perjured statements may result in sanctions, including but not limited to attorneys' fees for opposing litigants and a prefiling injunction.

This the 7th day of March, 2018.


UNITED STATES DISTRICT JUDGE